**William FOSTER and Carla Foster,
Plaintiffs-Appellants,**

v.

**TRANSIT CASUALTY COMPANY,
Defendant-Respondent.**

**No. 34590.**

Missouri Court of Appeals,
St. Louis District, Division Two.

July 31, 1973.

James F. Koester, Kenneth M. Weinstock, St. Louis, for plaintiffs-appellants.

John A. Walsh, Jr., St. Louis, for defendant-respondent.

KELLY, Judge.

This is an appeal from the Circuit Court of the City of St. Louis wherein judgment was entered in behalf of the defendant-respondent (hereinafter referred to as the respondent) after the trial court sustained respondent's motion for judgment in accordance with its motion for directed verdict after the trial jury had returned a verdict in favor of the plaintiffs-appellants (hereinafter referred to as the appellants).

Appellant Carla Foster was injured in an automobile accident on the 15th day of September, 1968. On that date appellants had a policy of insurance issued by the respondent for Automobile Medical Payments Coverage, and under the terms of this policy the respondent paid Mrs. Foster's expenses up to April, 1969, in the total amount of $1,224.85. The policy limits were $5,000.00. On April 8, 1969, respondent was notified that Mrs. Foster's doctor proposed to perform surgery on her neck and it was the intention of the appellants to permit this surgery. Respondent, who had not up to this time had Mrs. Foster

examined by a physician of their selection, notified appellants that in accordance with the terms of the insurance policy, it wished to have Dr. E. A. Smolik, a neurosurgeon, examine Mrs. Foster to determine whether the surgery was necessary. Appellants advised respondent that, on advice of their attorney, she did not wish to submit to the requested examination "as two fully competent physicians have already made a diagnosis of her condition and submitted reports on same." Mrs. Foster did not submit to the examination and underwent the surgery. Respondent refused, thereafter, to make further payments under the policy of insurance. This suit followed.

Appellant's cause of action was in contract under the policy of insurance issued by the respondent. This contract provided coverage for necessary and reasonable medical expenses. The "Additional Conditions" paragraph of the policy provided: "The injured person shall submit to physical examination by physicians selected by the company when and as often as the company may *reasonably require.*" (Emphasis supplied.) The burden was on the appellants to show at least substantial compliance with the contract provisions, as a condition precedent, if they were to recover under the terms of the contract.

Appellants in the trial court presented evidence attempting to support the reasonableness of their refusal to submit Mrs. Foster to the requested examination. This is not the standard. Under the terms of the policy, the only criterion is the reasonableness of the respondent's request that Mrs. Foster submit to the examination. No evidence was presented on this issue. Appellants refusal, according to their evidence, was based solely upon grounds that the respondent already had reports from two doctors who had examined her at her request, that she and her husband did not want any doctor other than her treating physician "handling her neck" and their attorney had advised them against submitting her to the examination. None of these reasons goes to the reasonableness

of the request for physical examination in accordance with the terms of the contract. There is not a scintilla of evidence that submitting to the requested examination would have been burdensome, harmful, or inconvenient so as to delay the proposed surgery. No one testified that the proposed examination would involve risk of life or even serious complications, let alone discomfiture. The appellants did not sustain their burden of proof and therefore did not make a submissible case for the jury on the sole issue in the case. The respondent's motion for directed verdict should have been sustained and therefore the trial court did not err in its after-trial action. Anno. Validity, Construction and Effect of Provisions in Insurance Policies, Allowing Disability or Accident Benefits, Which Require Insured to Submit to Physical Examination. 5 A.L.R.3rd 929.

The judgment of the trial court is affirmed.

SMITH, P. J., and SIMEONE, J., concur.